## Case No. 10,611.

### The OTHELLO.

#### [5 Blatchf. 342.] 1

Circuit Court, E. D. New York. July 14, 1866.2

BOTTOMRY—CARGO BELONGING TO UNITED STATES —LIABILITY TO SEIZURE OR ATTACHMENT.

Where a vessel was carrying, under a charter party, a cargo that was the property of the United States, and the general owner, through the master, retained the possession and navigation of the vessel, and the master, at a port of distress, executed a bottomry bond on both vessel and cargo: Held, on a libel filed on such bond, in admiralty, against vessel and cargo, that the court had jurisdiction of the case as regarded the vessel, but that the cargo, being the property of, and in the possession of, the United States, was not subject to seizure or attachment, nor could a suit be instituted against the government in respect to it.

[Appeal from the district court of the United States for the Eastern district of New York.]

This was a libel in rem, filed in the district court, by David G. Cartwright and Frederick H. Harrison, against the schooner Othello and her cargo, on a bottomry bond executed by her master on vessel and cargo, at St. Thomas, where she had put in, in distress, on a voyage from Wilmington, N. C., to New York, with a cargo of property that had been captured by the army of the United States. It was contended, on the part of the United States, that the vessel was owned by the United States pro hac vice, under a charter party for such voyage, and that the cargo was the property of the United States, and that, therefore, neither of them was liable to attachment in the suit. The district court dismissed the libel on

---

1 [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

2 [Affirming in part, and reversing in part, Case No. 2,483.]

those grounds, as to both vessel and cargo, with costs, and the libellants appealed to this court. See Cartwright v. The Othello [Case No. 2,483].

NELSON, Circuit Justice. On the true construction of the charter party, I am not satisfied that the government was the owner of the schooner pro hac vice. I think that the general owner, through the master, retained the possession and navigation of the vessel; that the hiring rested in covenant; and that, as respects the vessel, the court below possessed jurisdiction to hear the case on the merits.

The cargo belonged to the United States, and was in their possession as shippers of it. As such, it was not subject to seizure or attachment, nor could a suit be instituted against the government in respect to it.

The decree below is affirmed as to the cargo, except as to the allowance of costs, and the libel as to the cargo is dismissed, but without costs either in the court below or in this court. The decree as to the vessel is reversed, and the case as to the vessel will be heard on the merits.

[Subsequently a suit in equity was instituted by Goodwin to compel a specific performance of a stipulation executed by Cartwright & Harrison upon the judgment entered in this cause August 26, 1871, and to stay proceedings upon and an enforcement of said judgment. The bill was dismissed, with costs. Case No. 5,551. See 17 Wall. (84 U. S.) 515.]